IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. JOE KING

**Direct Appeal from the Circuit Court for Franklin County**
**No. 14179     Buddy D. Perry, Judge**

---

### No. M2003-01869-CCA-R3-CD - Filed June 17, 2004

---

The defendant, Joe King, appeals the sufficiency of evidence to support his conviction for theft and the amount of restitution ordered by the trial court. After review of the entire record in this cause, we conclude that the evidence amply supported the defendant's conviction. The issue of restitution is waived pursuant to Rule 10(b) of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Philip A. Condra, District Public Defender, and David O. McGovern, Assistant Public Defender, for the appellant, Joe King.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Joe King, was indicted for theft of property over $1000 and criminal trespass. A jury convicted the defendant of theft of property of $500 or less and criminal trespass. He was sentenced to 11 months and 29 days, with probation after serving 60 days, with a fine of $25.00 and restitution of $1000.00 on the theft count, and a concurrent sentence of 30 days with a fine of $25.00 on the criminal trespass count. The defendant now appeals his conviction for theft on the grounds that the evidence was insufficient to support the conviction. He also appeals the restitution awarded the victims for theft on the basis that the amount of restitution awarded exceeded the classification of theft for which he was convicted.

Anna Gipson and her husband owned an approximate 70-acre tract of land in rural Franklin County in an area called Alto Valley or Roark's Cove. The tract had once been the home place for

Mrs. Gipson's husband's ancestral family but was no longer occupied in 2001. The farmland was leased to a farmer who had sole permission to go on the property. Anna Gipson's son, Thomas, was a collector of antique farm equipment and kept several items on the farm. The equipment was left among high weeds to cloak its presence and, according to Thomas Gipson, was not visible from the road bordering the tract. The land was posted both at the driveway entrance and further back toward the interior.

Thomas Gipson had assumed oversight duties of the farm in 1995. He stated that he maintained it by mowing, clearing fallen timbers and doing other routine duties. On June 18, 2001, Thomas Gipson noticed that several of the old items of farm equipment were missing. The missing items were: cultivator, corn sheller, horse drawn Oliver brand disk, another disk, wheels from a hay rake, and an old mop bucket from the George Dickel distillery. Thomas Gipson valued these items in excess of $1000.00. Neither he nor Anna Gipson knew the defendant and had not given him permission to take the property.

On the Sunday following his discovery, Thomas Gipson visited two flea markets at Monteagle in search of the missing items. Some equipment was located, and he then made a report to the Monteagle Police. Eventually Tony Jernigan, an investigator with the Franklin County Sheriff's Department, undertook an investigation of the Gipsons' complaint. During the course of this inquiry Jernigan talked to the defendant who admitted taking the equipment. The defendant freely acknowledged in a two-page written statement and in his testimony at trial that he had taken the equipment and sold it to various individuals. The defendant returned some items he had taken by delivering them to the investigator.

The defendant, in his written statement and his testimony, maintained he was given permission to take the items. The defendant claimed that he was at a creek bridge near the Gipson tract entrance and was engaged in catching minnows from a pool of water when he was approached by a man on a brown horse with white ears. The mounted man instructed the defendant to pick up his soft drink bottle before leaving. The defendant asked about the equipment on the farm, and the man responded that it was junk and that the defendant could take it. The defendant testified that he returned some two or three months later and took the equipment. Despite a concerted effort, the defendant had not been able to locate the man who authorized the removal of the equipment. Thomas Gipson was able to recover some of the lost equipment in various states of repair. Other items were never found.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a

reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

## Sufficiency of the Evidence

In attacking the sufficiency of the evidence which resulted in his conviction for theft, the defendant focuses on the alleged permission to take the equipment as granted by the unidentified man on the horse. The defendant argues that his testimony concerning the incident was undisputed. It was likewise undisputed that the owners of the stolen property did not give permission and, in fact, were gravely offended by the trespass and theft. The defendant concludes that the evidence was insufficient "to show that defendant knowingly or intentionally [took] the property of another without their consent."

The jury, by their verdict of guilt, obviously rejected this facet of the defendant's testimony. This was clearly within their purview as a matter of weighing credibility. Brewer, 932 S.W.2d at 19.

Theft of property is defined in Tennessee Code Annotated section 39-14-103:
> A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

The defendant freely admitted taking and disposing of the victim's property. This was not done with the owners' consent. The defendant's sole defense is that he took the property without criminal intent. The jury as the fact finder has rejected the defendant's account. The evidence therefore is amply sufficient to support the defendant's conviction for theft.

## Restitution

The defendant's brief identifies in the "Issues Presented" portion an issue concerning restitution to the victims. Specifically, the defendant questions the authority of the trial court to require restitution of $1000.00 after the jury returned a guilty verdict on the lesser-included charge of theft of $500.00 or less value.

Aside from this reference to the restitution issue, there is no further mention made by reference to the record, argument, or citations to authority. Rule 10(b) of the Rules of the Court of Criminal Appeals provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

For the foregoing reasons, we affirm the judgments of the trial court as to both conviction and sentencing.

_____
JOHN EVERETT WILLIAMS, JUDGE